BOYDSTON *v.* STATE.*

(Division B.    Oct. 11, 1926.)

[109 So. 727.   No. 25751.]

1. CRIMINAL LAW.
  That minutes of lower court show motion for new trial pending there may not be complained of, where defendant appeals from judgment of conviction as final.

2. HOMICIDE.
  Jury might in their discretion fix punishment of defendant convicted of murder at life imprisonment instead of death.

*Corpus Juris-Cyc References: Criminal Law, 17CJ, p. 210, n. 92 New. Homicide, 30CJ, p. 455, n. 74.

APPEAL from circuit court of Winston county.
HON. T. L. LAMB, Judge.
  Sam Boydston was convicted of murder, and appeals. Affirmed.

Reporter's Note:  Comprehensive briefs filed by *Chas. Richardson,* for appellant, and *J. L. Byrd,* Assistant Attorney-General, for the state, show no new points of law are involved in this case, hence the omission of excerpts therefrom.

HOLDEN, P. J., delivered the opinion of the court.

  Sam Boydston appeals from conviction and sentence of life imprisonment for the murder of Charlie Breckinridge.  A statement of the case and a discussion of the six different grounds urged for reversal by appellant would be of no value, because no new legal questions are presented in the case, but all points arising have been heretofore settled in this state.

We have carefully considered all of the grounds upon which appellant contends for a reversal, and we are of the opinion there is no reversible error in the record. The lower court did not err in the admission of testimony, nor did it err in refusing or granting instructions in the case.

The testimony introduced by the state fully warranted the jury in finding the accused guilty of murder, and, although an instruction on manslaughter was granted appellant, yet it is very doubtful whether the evidence shows any element of manslaughter in the case, and, if this instruction was erroneous in form, it was not prejudicial, but was favorable to appellant.

The refusal by the lower court to admit certain testimony offered by appellant was not error, and the fact that the minutes of the lower court show a motion for a new trial pending there cannot be complained of here, because appellant appeals from the judgment as final.

Taking the record as a whole, we are unable to discover any reversible error. The proof offered for the state, which the jury believed was true, disclosed a genuine case of murder; the deceased having been shot in the back by appellant while deceased was running away from him.

The jury fixed the punishment at life imprisonment instead of death, which was a matter resting within its discretion.

The judgment of the lower court is affirmed.

*Affirmed.*